UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:25-cv-24473-WILLIAMS/LETT

FELIX CARDERO

    Plaintiff, *individually and on behalf of others similarly situated*

vs.

AMENIFY CORPORATION

    Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION TO VACATE DEFAULT JUDGMENT AND FOR AN EXTENSION OF TIME TO RESPOND

Defendant, Amenify Corporation ("Amenify"), respectfully requests that the Court vacate the October 30, 2025 default judgment and extend the deadline for Amenify to respond to Plaintiff's Complaint (D.E. 1) until January 12, 2026. Amenify has conferred with Plaintiff's counsel, who does not oppose the relief requested.

### BACKGROUND

1. Plaintiff filed this action on September 29, 2025 and purportedly served Amenify on October 5, 2025. Amenify was not represented by counsel in connection with this matter at that time.

2. According to the October 24, 2025 affidavit of service (D.E. 6), a process server apparently delivered a copy of the summons and Complaint to "Maurice McMullin as Clerk at Earth Class Mail for Amenify Corporation c/o Everett Lynn – registered agent."

3. Neither Mr. McMullen nor Earth Class Mail is a registered agent of Amenify. Nor

is Mr. McMullin an officer, vice president, secretary, treasurer, general manager, or other person authorized to accept service. (Declaration of Everett Lynn, dated November 21, 2025 ("Lynn Decl.") ¶ 3.)

4. Amenify Corporation did not receive the summons and Compliant on October 5th, 2025, nor did its registered agent, Mr. Lynn. Rather, Amenify received a copy of the summons and Complaint at its Post Office Box. (*Id.* ¶ 4.)

5. On October 30, 2025 this Court entered an Order Directing the Clerk to enter Default in this matter (D.E. 7) and established December 1, 2025 as the deadline for Plaintiff to file a motion for final default judgment.

6. On October 30, 2025, the Clerk of this Court entered a Default as to Amenify (D.E. 8).

7. Evertt Lynn, CEO and registered agent for Amenify, was aware that this action had been filed based on email correspondence with Plaintiff's counsel but believed that Amenify had not been served because no notice or other service had been received. On October 30, 2025, Mr. Lynn learned from Plaintiff's counsel via email that the Court was directing an entry of default. (Lynn Decl. ¶ 5.)

8. Amenify immediately began the process of securing counsel and engaged Morrison & Foerster LLP and Gunster on November 12 and 13, 2025, respectively. On November 13, 2025, Amenify, through its counsel at Morrison Foerster, discussed this motion with Plaintiff's counsel, who agreed not oppose this motion to vacate the default judgment and extend the time for Amenify to respond to the Complaint.

## **MEMORANDUM OF LAW**

Good cause exists for the Court to vacate the default judgment and permit Amenify to defend this case on the merits. *See* Fed. R. Civ. P. 55(c) (default judgment may be vacated for

2

"good cause"); *see Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1338 (11th Cir. 2014) (relief under Rule 55(c)'s "good cause" standard is appropriate where, as here, plaintiff has not requested entry of default).

To determine whether "good cause" exists, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Each factor weighs in favor of vacating the default judgment and extending Amenify's time to respond.

*First*, the default was not culpable or willful. When Amenify was purportedly served, it was not represented by counsel and did not know that it faced a deadline to respond to the complaint. Rather, Amenify only learned on October 30 from Plaintiff's counsel that the Court had set a deadline for Amenify to respond, which had already passed, and that the Court would be entering a default. Amenify promptly took steps to engage counsel, which identified potential issues with defective service given that the summons and Complaint was not personally served on Amenify's registered agent, Mr. Lynn. Indeed, Amenify appears to have been served by mail, which is improper under Federal Rules of Civil Procedure 4(h)(1) and 4(e)(1) and warrants vacating the default judgment. *See, e.g.*, *Depoalo v. Bank of N.Y. Mellon,* No. 5:21-cv-241-JSM-PRL, 2021 U.S. Dist. LEXIS 112676, at *4 (M.D. Fla. June 16, 2021) (holding that improper service suffices as a "good cause to set [the entry of default] aside in accordance with Rule 55(c)").[1] *See also Myers v. Verizon Communs., Inc.,* No. 1:14-CV-1545-ODE-LTW, 2015 U.S.

---

[1] Under California law service on a corporation is ineffective by mail absent a signed acknowledgment. (Cal. Code Civ. Proc. §§ 415.30 and 416.10). Under Floridia law, mail service on a corporation is permitted in narrow circumstances only after other methods have been exhausted, and then by way of the Secretary of State. (Fla. Stat. §§ 48.081 and 48.161).

3

Dist. LEXIS 182259, at *17 (N.D. Ga. July 27, 2015) (holding that Courts within the Eleventh Circuit "uniformly conclude" that mail delivery is not sufficient under Federal Rule of Civil Procedure 4(h)(1)).

*Second*, setting aside the default judgment will not prejudice Plaintiff. The case was only just filed; there has been no litigation, let alone any lost evidence, increased litigation burden, or other concrete harm. In addition, the very short delay in Amenify's response timing does not constitute prejudice under the Eleventh Circuit's Rule 55(c) framework. *See Woodbury v. Sears, Roebuck & Co.,* 152 F.R.D. 229, 237 (M.D. Fla. 1993) (mere delay does not qualify as prejudice sufficient to set aside entry of default where defendant received improper service).

*Third*, Amenify has meritorious defenses that it should be permitted to assert. Plaintiff here asserts a single claim under the Telephone Consumer Protection Act ("TCPA"), but Amenify's records indicate that Plaintiff had consented to the communications at issue. If proven, consent would defeat a core element of Plaintiff's claims. *See e.g. Jordan v. ER Sols., Inc.,* 900 F. Supp. 2d 1323, 1325 (S.D. Fla. 2012) (holding express consent by plaintiff defeats TCPA claim). At this stage, Amenify need only state a colorable defense, not prove it. *Blau v. Bill Heard Chevrolet Corp. - Orlando,* 422 B.R. 293, 303 (N.D. Ala. 2009) (holding that a meritorious defense in the context of Federal Rules of Civil Procedure 60(b) and 55(c) only requires stating a position "not lacking in colorable merit that does not constitute a Rule 11 violation."); *See also Farquharson v. Citibank, N.A.,* 664 F. App'x 793, 797 (11th Cir. 2016) (describing a meritorious defense as "colorable").

Finally, a short extension of time for Amenify to respond to the Complaint is warranted so that it can effectively prepare its defenses with the assistance of counsel. Setting January 12, 2026 as the deadline is approximately 60 days from when Amenify engaged counsel, providing Amenify

with the same amount of time to respond as if it had waived service under Federal Rule of Civil Procedure 4(d).

Accordingly, for good cause shown, Amenify respectfully requests the Court enter an Order vacating the Default Judgment and granting Amenify's Motion for Extension of Time, allowing Amenify until January 12, 2026 to respond to the Complaint.

### LOCAL RULE 7.1(a) CERTIFICATION

I certify that Adam J. Hunt, co-counsel for Amenify, conferred with counsel for Plaintiff and that Plaintiff is not opposed to the relief requested herein by Amenify. Mr. Hunt conferred with Plaintiff by telephone and email on November 13, 2025.

Date: November 21, 2025

Respectfully submitted,

*/s/ Derek K. Mountford*
Derek K. Mountford (Fla. Bar No. 127172)
GUNSTER, YOAKLEY & STEWART, P.A.
1 Independent Drive, Suite 2300
Jacksonville, FL 32202-5185
(904) 350-7179
Email: dmountford@gunster.com

*/s/ Adam J. Hunt*
Adam J. Hunt (*Pro Hac Vice Pending*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
(212) 336-4341
Email: adamhunt@mofo.com

*Attorneys for Defendant Amenify Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

*Counsel for Felix Cardero*

EDELSBERG LAW P.A.
Scott Adam Edelsberg
20900 NE 30th Ave 417
Aventura, FL 33189
scott@edelsberglaw.com

SHAMIS & GENTILE P.A.
Andrew John Shamis
14 N.E. 1st Ave, Ste 1205
Miami, FL 33132
ashamis@sfinjuryattorneys.com

Christopher Eric Berman
1650 SE 17th St. 100
Fort Lauderdale, FL 333316
cberman@shamisgentile.com

                                                   */s/Derek K. Mountford*
                                                   Attorney